| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **Hearing Date: June 6, 2017 at 11:00 a.m.** |
| ------------------------------------------------------------x | |
| IN RE: | CASE NO.:17-41547-cec |
| Yosi Shemtov d/b/a Easternbhmechanical, | CHAPTER 13 |
| Debtor. | Chief Judge: Hon. Carla E. Craig |
| ------------------------------------------------------------x | |

## NOTICE OF MOTION FOR RELIEF IN THE ALTERNATIVE

**PLEASE TAKE NOTICE,** that upon the application of HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP3, the undersigned shall move this Court for (1) an Order, pursuant to 11 U.S.C. §105(a) granting *in rem* relief as to the real property commonly known as 86-82 Midland Pkwy, Jamaica Estates, New York 11432, (2) an Order pursuant 11 U.S.C. §362(d)(4)(B) terminating the automatic stay as to Movant's interest in the real property known as 86-82 Midland Pkwy, Jamaica Estates, New York 11432 (3) an Order dismissing the Debtor's current case and (4) an Order barring the Debtor from filing any bankruptcy petition in any jurisdictin for a period of two years following the entry of the Order, and for such other relief as the Court may deem proper.

This Motion shall be heard at the United States Bankruptcy Court, Eastern District, 271 Cadman Plaza East, Courtroom# 3529, Brooklyn, New York, 11201 on June 6, 2017 at 11:00 a.m., or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE, that answering affidavits, if any, must be served so as to be received not later than seven (7) days before the hearing date of this motion.

Dated: Bay Shore, New York
May 3, 2017

**FRENKEL LAMBERT WEISS**
**WEISMAN & GORDON LLP**

BY: /s/ Karen Sheehan
Karen Sheehan, Esq.
53 Gibson Street
Bay Shore, New York 11706
(631) 969 3100
Our File No.: 01-050934-B03

TO: Yosi Shemtov
a/k/a Yosi Shem-Tov
d/b/a Easternbhmechanical
86-86 Midland Pkwy
Jamaica, NY 11432

Michael J. Macco
Chapter 13 Trustee
2950 Express Drive South, Suite 109
Islandia, NY 11749

U.S. Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Ehret A. VanHorn, Esq.
Gross Polowy, LLC
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE:                                                          CHAPTER 13

Yosi Shemtov d/b/a Easternbhmechanical                          CASE NO.: 17-41547-cec

                                     Debtor.                  Chief Judge: Hon. Carla E. Craig
------------------------------------------------------------x

## MOTION FOR RELIEF IN THE ALTERNATIVE

Karen Sheehan, an attorney admitted to practice law, in the courts of the State of New York and in this Court, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with Frenkel Lambert Weiss Weisman & Gordon LLP, attorneys for HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP3, ("HSBC Bank") a secured creditor of the Debtor. I am fully familiar with the facts of this case and submit this affirmation in support of HSBC Bank's motion for relief from the automatic stay.

2. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure Rule 4001, 9013 and 9014 and Section §§362(d)(1), 362(d)(2), 362(d)(4), 105(a), 109(e), 349 and 1307 (c) of Title 11 of the United States Code (the "Bankruptcy Code") for an Order: (1) granting HSBC Bank relief from the automatic stay, in rem, as this bankruptcy filing is part of a scheme to hinder, delay and defraud HBSC, relative to its security interest in the real property located at 86-82 Midland Parkway, Jamaica Estates, New York 11432, ("Premises"); or (2) dismissing the petition pursuant to 11 U.S.C. §1307 with prejudice, barring the Debtor from filing another bankruptcy petition for a period of two years following the entry of this Order; (3) dismissing the petition pursuant to 109(e) as the Debtor is not an eligible debtor; and (4) granting HSBC Bank such other

1

and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

3. HSBC Bank is the holder of a Note and Mortgage given by the Debtor on July 17, 2005 to secure payment in the original principal sum of $624,000.00 (hereinafter "Note" and "Mortgage" respectively), pledging the Property as security. A copy of the Note and Mortgage are annexed hereto as **Exhibit A.**

4. The Note and Mortgage were transferred to HSBC Bank by properly endorsed Note. A note and mortgage may be transferred by either a written assignment or the physical delivery of the note. The mortgage passes with the debt as an inseparable incident. See *Flyer v. Sullivan*, 284 A.D. 687, 134 N.Y.S.2d 521 (1st Dept. 1954); *Mortgage Electronic Registration Sys. Inc., v. Coakley*, 41 A.D. 3d 674, 838 N.Y.S.2d 622 (2nd Dept. 2007); See also *In Re: Feinberg*, 442 B.R. 215 (S.D.N.Y 2010).

5. The annexed assignment of mortgage ("Assignment") also evidences the transfer to HSBC Bank. A copy of the Assignment is annexed hereto as **Exhibit B.**

6. Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

7. Annexed hereto, as required by E.D.N.Y. Administrative Order #533 and pursuant to Local Bankruptcy Rule 4001-1, is a completed Background Information Declaration ("Declaration"). As indicated in the Declaration, the Debtor has failed to tender post-petition payments in contradiction with the bankruptcy code. The Declaration is attached hereto as **Exhibit C.**

8.  A recent appraisal of the Property indicates that the estimated value is $935,000.00. As indicated in the attached declaration of Nhung Nguyen, signed on April 27, 2017, the amount owed under the Note and Mortgage is $1,061,886.47, as of April 24, 2017. A copy of the appraisal is annexed hereto as **Exhibit D.**

9.  The Debtor has not filed schedules in this case. However, his schedule of assets filed in his previous bankruptcy petition filed on October 15, 2015, case No. 15-44706, ECF Doc. 31, indicates that he has assets of $5,448,700.00. As such, the Debtor has assets that exceed those permitted under §109(e). A copy of Debtor's scheduled of assets is annexed hereto as **Exhibit E.**

## FORECLOSURE AND BANKRUPTCY HISTORY

10. The Debtor defaulted under the terms of the Note and Mortgage by failing to tender the payments. Accordingly, on or about July 21, 2008, HSBC Bank commenced a foreclosure action bearing Index no. 18117/2008. A copy of the Complaint is annexed hereto as **Exhibit F.**

11. The foreclosure action has been repeatedly delayed due to the Debtor's bankruptcy filings as set forth below.

12. On May 22, 2009, the Debtor filed a Chapter 11 bankruptcy petition in the Eastern District of New York Bankruptcy Court, Case No. 09-044229-jf ("First Chapter 13"). The First Chapter 13 case was dismissed on July 8, 2010 due to the Debtor's failure to file statements. A copy of the docket and dismissal Order is annexed hereto as **Exhibit G.**

13. On July 17, 2014, the Debtor filed a second Chapter 11 bankruptcy petition, Case No. 14-43649 ("Second Chapter 11"). Said case was dismissed on July 9, 2015 upon the motion of the United States Trustee to dismiss. A copy of the docket and dismissal Order are annexed hereto as

**Exhibit H.**

14. On October 15, 2015, the Debtor filed a third Chapter 11 bankruptcy petition, Case No. 15-44706-cec ("Third Chapter 11"). Said case was dismissed August 15, 2016 upon the motion of the United States Trustee to dismiss. A copy of the docket and dismissal Order are annexed hereto as **Exhibit I**.

15. Debtor filed a skeletal petition in this forth bankruptcy petition under chapter 13 of the bankruptcy code. The Debtor has not filed a motion to extend the time to file schedules or a motion to extend the automatic stay.

## RELIEF FROM STAY IS WARRANTED UNDER THE CIRCUMSTANCES

16. By the instant motion, HSBC Bank seeks relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, to continue the foreclosure proceedings against the Premises. Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;...
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if..
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization...
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either (A) transfer of all or part ownership of, or other interest in, such real property without

the consent of the secured creditor or court approval or (B) multiple bankruptcy filings affecting such real property.

17. Relief from stay is warranted pursuant to §362(d)(1) as HSBC Bank is not adequately protected by the continuation of the automatic stay. Upon information and belief, the Debtor is not an eligible Debtor as his assets exceed the allowable amount under 109(3). As such, he cannot confirm a chapter 13 plan.

18. As the Court may recall, in the Debtor's two previous chapter 11 cases, the Debtor and Secured Creditor engaged in loss mitigation as to this Premises and the Debtor did not qualify for any loss mitigation options. As such, the Debtor's previous two chapter 11 cases were dismissed as the Debtor did not have the ability to confirm a chapter 11 plan.

19. The Debtor's petition is void of any indication that he has any change in circumstances which would warrant continuing in any bankruptcy petition.

20. As such, HSBC is not adequately protected by the continuation of the automatic stay and relief from the automatic stay is warranted under §362(d)(1)

21. Relief is also appropriate pursuant to §362(d)(2) as the Debtor does not have any equity in the Premises and it is not necessary for an effective reorganization. As set forth above, HSBC is owed the sum of $1,061,886.47, as of April 24, 2017. The recent appraisal shows that the Premises has an estimated market value of $935,000.00.

22. The Debtor and HSBC have engaged in loss mitigation in the Debtor's preceding bankruptcy cases. The Debtor did not qualify for any loss mitigation options and the cases were dismissed. The Debtor has not demonstrated a change in circumstances sufficient to demonstrate that he would be able to reorganize his debt in this case.

23. Since the Debtor does not have any equity in the Property and it is not necessary to an effective reorganization, relief from the automatic stay is appropriate pursuant to §362(d)(2).

## **RELIEF FROM STAY IS SPECIFICALLY WARRANTED PURSUANT TO 11 USC § 362(d)(4)(B)**

24. Relief from stay is warranted pursuant to §362(d)(4) as the above factual history clearly outlines a scheme to delay, hinder, and defraud HSBC Bank. It is well established that a creditor whose debt is secured by residential real property may move under 11 U.S.C. § 362(d) for relief from the automatic stay. Under BAPCPA, a new section of 362(d) was added with the intent "to reduce abusive filings." *In re Muhaimin*, 343 B.R. 159 (Bankr. D. Maryland 2006) *citing* H.R. Rep. 109-31(I) at 69 (2005). 11 U.S.C. § 362(d)(4)(B) provides that:

> "[T]he court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved . . . multiple bankruptcy filings affecting such real property."

11 U.S.C. § 362(d)(4)(B).

22. This provision also provides that relief under this section "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court . . . ." 11 U.S.C. § 362(d)(4)(B).

23. The issue as to whether *in rem* relief may be granted under 11 U.S.C. §362(d)(4) is whether the Court finds that the filing of the instant case was part of a scheme to delay, hinder and defraud.

24. In *In re Blair*, 2009 Bankr. LEXIS 4195, the court discussed whether relief pursuant to 362(d)(4) is appropriate in a case involving serial filings. The court stated that "As this Court has

recently written in *In re Montalvo*, 416 B.R.381 (Bankr. E.D.N.Y. 2009), among the amendments to the Bankruptcy Code effected by the 2005 Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), was the addition of Section 362(d)(4), providing for the statutory authority to grant *in rem* relief. Pursuant to Section 362(d)(4), the Court can grant *in rem* relief from the stay as to BAC's interest in the Property, such that any and all future filings by any person or entity with an interest in the Property will not operate as an automatic stay against the owner and its successors and/or assigns for a period of two years after the date of the entry of such an order. To obtain the relief requested, HSBC bears the burden of showing that the various petitions filed by Debtors are part of a scheme to hinder, delay and defraud BAC under Section 362(d)(4)(B). 11 U.S.C. § 362(d)(4)(B); *see also In re Lemma*, 394 BR. 315 (Bankr. E.D.N.Y. 2008); *In re Abdul Muhaimin*, 343 B.R. 159, 167-68 (Bankr. D. Md. 2006). There is no allegation here that the Debtors have engaged in transfers of interests in the property under Section 362(d)(4)(A)."

25. Courts have varied on whether a bankruptcy court can infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone. *Compare In re Poissant*, 405 B.R. 267, 273 (Bankr. N.D. 2009); *In re Abdulla*, No. 08-16802, 2009 Bankr. LEXIS 642, 2009 WL 348365 at *1 (Bankr. D. Mass. Feb. 6, 2009); *and In re Smith*, 395 B.R. 711, 719-20 (Bankr. D. Kan. 2008) (several filings alone are not adequate to find intent to hinder, delay and defraud, which requirements are in the conjunctive and must all be demonstrated); *with In re Henderson*, 395 B.R. 893, 902 (Bankr. D.S.C. 2008); *and In re Johnson*, No. 07-33312, 2008 Bankr. LEXIS 164, 2008 WL 183342 (Bankr. E.D. Va. Jan. 18, 2008) (finding multiple, strategically timed bankruptcy filings can be basis for inference of debtor's intent to hinder, delay and defraud). In *Montalvo*, the court held that the mere timing and filing of several bankruptcy cases is an adequate basis from which a court

can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors.

26. In *Blair*, the court found that the "Debtors have neither filed nor confirmed a chapter 13 plan. None of their Chapter 13 cases were prosecuted to any meaningful extent. The timing and sequencing of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud BAC."

27. Similarly, in *Lira v. Wells Fargo Bank N.A.* (In re Lira), 2015 Bankr. LEXIS 2602, the Court held that in rem relief was appropriate as result of four separate bankruptcy filing which were filed strategically to stall a foreclosure action. Also, in *Procel v. United States Tr. (In re Procel)*, 467 B.R. 297, the court held that serial filings alone can demonstrate a scheme to hinder, defraud and delay creditor.

28. In *In re GEL, LLC*, 495 B.R. 240, 2012 Bankr. LEXIS 3522, 2012 WL 3073069 (Bankr. E.D.N.Y. 2012) the court found that "Debtors have filed successive chapter 11 petitions in two judicial districts. The Debtors, with these filings, have prevented Archer from executing the Foreclosure Judgment. The record is clear that the Debtors have made no good-faith effort to prosecute their filed bankruptcy cases. No plan has been filed and as discussed supra, it appears that no plan can be confirmed as a matter of law. See In re *Van Eck*, 425 B.R. 54, (Bankr. D. Conn. 2010) (describing a debtor's good-faith effort to prosecute a case). "The Debtors defaulted on the GEL/GRL Loan more than four years ago and they have made no payments to Archer on account of the GEL/GRL Loan since that time". See In re *Lemma*, 394 B.R. 315, 325 (Bank. E.D.N.Y. 2008)

(weighing the debtor's attempts to render payments to the secured creditor as a factor militating against a finding of a scheme to delay, hinder, or defraud)." As such, relief from the automatic stay, in rem pursuant to 362(d)(4) was found to be appropriate.

29.     In *In re Robertson*, 2005 Bankr. LEXIS 3076 (Bankr. D.S.C. 2005), the Court granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4). There, the debtor had filed a total of four bankruptcy cases over the course of three years. In each of the cases, the debtor failed to file schedules, a statement of affairs, or a Chapter 13 plan. The fourth filing was in violation of a previous court order that precluded the debtor from filing any bankruptcy petitions for a period of two years. The facts demonstrated that the debtor had used each of his bankruptcy filings to stop the secured creditor from completing the foreclosure process, that the debtor had made very few payments on the debt secured by the mortgage, and that the debtor owed the bank a sum of money at the first foreclosure hearing.

30.     The facts of the instant case are as egregious as those exhibited in the case above. Here the Debtor has filed four (4) bankruptcy, three of which were filed in the last two and a half years. There is no equity in the Property. Each of the three previous bankruptcy filings were dismissed prior to confirmation. Given the loss mitigation history and the delinquency of the Debt, the Debtor is unable to confirm a plan.

31.     Based on the foregoing, the has provided ample cause to justify the Court issuing an order pursuant to § 362(d)(4)(B). The pattern of conduct engaged in by Debtor suggests that he is not sincere in attempting to restructure his debts and that he lacks the intention to perform his required duties under the Bankruptcy Code. As such, HSBC Bank requests an Order of the Court terminating the automatic stay, and granting *in rem* relief, such that any and all future filings by the

Debtor or any other person or entity with an interest in the Property, shall not operate as an automatic stay against the HSBC Bank for a period of two years from the date of entry of the Order.

## **Dismissal Pursuant to 11 U.S.C. §1307**

32. In the alternative, HSBC Bank requests that the Debtor's petition be dismissed pursuant to 11 U.S.C. §1307, which states in relevant part:

.... (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of the creditors, and the estate, for cause, including-(1) unreasonable delay by the debtor that is prejudicial to creditors;

(1) unreasonable delay by a debtor that is prejudicial to creditors....

33. Section 1307 of the Bankruptcy Code governs the conversion or dismissal of a Chapter 13 case. 11 U.S.C. §1307(c). It provides that on request of a party in interest or the United States Trustee, and after notice and a hearing, "the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." Id.

34. While the term "cause" is not defined by the statute, section 1307(c) of the Bankruptcy Code provides several non-exclusive examples, any one of which may constitute "cause," for either the conversion of a chapter 13 case to a chapter 7 case or the dismissal of chapter 13 case in its entirety. Id. In addition, courts have found that "bad faith" can sustain a motion to dismiss under section 1307(c). *See In re Marrama*, 549 U.S. 365, 370 (2007); *In re Campora*, Nos. 13-CV-5066 (JFB), 14-CV7123 (JFB), 2015 WL 5178823, *9-12 (E.D.N.Y. Sept. 3, 2015); *In re Lin,* 499 B.R. 430, 435 (Bankr. S.D.N.Y. 2013); *In re Armstrong*, 409 B.R. 629, 635 (Bankr. E.D.N.Y. 2009).

35. Courts examine the totality of the circumstances when determining whether a debtor filed in bad faith. *See In re Campora*, 2015 W: 5178823 at 11; *In re Lin*, 499 B.R. at 436; *In re Eatman*. 182 B.R. 386, 392 (Bankr. S.D.N.Y, 1995). Courts, for example, look to see if the debtor is a serial bankruptcy filer, whether the debtor's petition was filed on the eve of foreclosure, whether the debtor filed solely to obtain an automatic stay and forestall creditors, or whether the debtor has unfairly manipulated the Bankruptcy Code. Id; *In re Armstrong*, 409 B.R. at 634. The Supreme Court explained:

> In practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct ... is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That the individual, in other words, is not a member of the class of honest but unfortunate debtors that the bankruptcy laws were enacted to protect.

*In re Marrama*, 549 U.S. at 373-74 (internal quotations and citations omitted).

36. Under 11 U.S.C. §349(a), bankruptcy cases are presumptively dismissed without prejudice to re-filing. However, under the appropriate circumstances, bankruptcy courts can dismiss cases with prejudice to re-filing for periods longer than 180 days set forth in section 109(g) when sequential filings are involved or when the court otherwise needs to curtail abuses. In re Casse, 198 F.3d 327,341 (2d Cir. 1999); see e.g., *In re Bridge to Life, Inc.*, Nos. CV-05-05499 (CPS), 05-19154 (jf), 2006 WL 1329778, *3-4 (E.D.N.Y. 2006) (affirming Bankruptcy Court's denial of chapter 13 case with prejudice under Casse); see also *In Re: Joobeen*, 385 B.R. 599 (E.D.Pa 2008); *In Re: Casse*, 198 F.3d 327 (2nd Cir. 1999).

37. Cumulatively, the facts of this case reflect bad face and non-compliance with the Bankruptcy Code. HSBC respectfully requests that the Court enter a dismissal order with prejudice and a bar to the re-filing of a bankruptcy case by the Debtor for two years. See 11 U.S.C. §§ 105(a),

349. The requirement that the Debtor obtain leave of the Court before filing any new bankruptcy cases will provide the necessary safeguards should the Debtor demonstrate a genuine need, changed circumstances, and the ability to properly prosecute a bankruptcy case.

38. HSBC is prejudiced by the daily accrual of interest and by advancing real property taxes and insurance to maintain this property. If this case this case is not dismissed with prejudice, the Debtor will likely commence a subsequent bankruptcy case, again with no intention of confirming a plan and reorganizing his debt.

**C.    Dismissal is Appropriate because the Debtor is Ineligible for Chapter 13**

39. Pursuant to Bankruptcy Code sections 109(e), upon information and belief, the Debtor is ineligible to be a Chapter 13 debtor because he has assets that far exceed $1,149,525.00 limitation under chapter 13. See 11 U.S.C. §109(e).

[THIS SPACE INTENTIONALLY LEFT BLANK]

WHEREFORE, HSBC Bank prays that this Court issue an Order (1) granting HSBC Bank relief from the automatic stay, in rem, as this bankruptcy filing is part of a scheme to hinder, delay and defraud HBSC, relative to its security interest in the real property located at 86-82 Midland Parkway, Jamaica Estates, New York 11432, ("Premises"); or (2) dismissing the petition pursuant to 11 U.S.C. §1307 with prejudice, barring the Debtor from filing another bankruptcy petition for a period of two years following the entry of this Order; (3) dismissing the petition pursuant to 109(e) as the Debtor is not an eligible debtor; and (4) granting HSBC Bank such other and further relief as the Court deems just and proper.

Dated: Bay Shore, New York
       May 3, 2017

                            Respectfully submitted,

                            Frenkel Lambert Weiss Weisman & Gordon LLP

                            BY:/s/ Karen Sheehan
                            Karen Sheehan, Esq.
                            53 Gibson Street
                            Bay Shore, New York 11706
                            (631) 969-3100
                            Our File No.: 01-050935-B03

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE:  CASE NO.:17-41547-cec

Yosi Shemtov d/b/a Easternbhmechanical,  CHAPTER 13

                              Debtor.  Chief Judge: Hon. Carla E. Craig
-----------------------------------------------------------x
STATE OF NEW YORK )
                        ) ss.:
COUNTY OF SUFFOLK )

      Foula Flanagan, being duly sworn, deposes and says: deponent is not a party to the action. Is over 18 years of age and resides in Suffolk County, New York.

      On May 3, 2017, deponent served the within Notice of Motion for Relief in the Alternative Motion for Relief in the Alternative, and Order Granting Relief in the Alternative upon:

| | |
|---|---|
| Yosi Shemtov<br>a/k/a Yosi Shem-Tov<br>d/b/a Easternbhmechanical<br>86-86 Midland Pkwy<br>Jamaica, NY 11432 | Michael J. Macco<br>Chapter 13 Trustee<br>2950 Express Drive South, Suite 109<br>Islandia, NY 11749 |
| U.S. Trustee<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY 10014 | Ehret A. VanHorn, Esq.<br>Gross Polowy, LLC<br>1775 Wehrle Drive, Suite 100<br>Williamsville, NY 14221 |

      The above parties were served by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                          Foula Flanagan

Sworn to before me this
____ day of May, 2017.

_____
Notary Public

JESSICA SPIEGELMAN
Notary Public, State of New York
No. 01SP6093750
Qualified in Suffolk County
Commission Expires June 9, 20___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE:                                                                   CASE NO.: 17-41547-cec

Yosi Shemtov d/b/a Easternbhmechanical                   CHAPTER 13

                            Debtor.                          Chief Judge: Hon. Carla E. Craig
------------------------------------------------------------x

**ORDER GRANTING TERMINATION OF THE STAY AND
IN REM RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY**

On June 6, 2017, 2017, the motion ("Motion") of HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP3 (hereinafter "HSBC"), came before the Court, which seeks relief from the automatic stay with respect to real property known as 86-82 Midland Parkway, Jamaica Estates, New York 11432 ("Property"). The Court having considered the evidence presented and with good cause appearing, it is hereby,

**ORDERED**, that the stay afforded by 11 U.S.C. §362(a) be, and is hereby, terminated pursuant to 11 U.S.C. §362(d)(1) and (d)(2) as to HSBC, its agents, successors and/or assigns in interest, so that HSBC, its agents, its assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Property, and it is further

**ORDERED**, that the automatic stay is terminated, pursuant to 11 U.S.C. §362(d)(4), with respect to the Property, so that HSBC, its agents, its assigns or successors may pursue its rights under applicable state law to exercise its remedies against the Property, and it is further,

**ORDERED**, that pursuant to 11 U.S.C. §362(d)(4), the Court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors as to the Property, and its further

**ORDERED,** that in accordance with 11 U.S.C. §362(d)(4), any other case filed under this title purporting to affect the Property filed not later than 2 years after the date of the entry of such order by the Court, by anyone including but not limited to Yosi Shemtov d/b/a

Easternbhmechanical, shall not operate as an automatic stay affecting the Property, and it is further,

**ORDERED**, that this Order may be recorded in compliance with the applicable state laws governing notice of interest or liens in real property, and once recorded the terms of this Order shall be binding in any other case under this title filed not later than 2 years after the date of the entry of such order purporting to affect the Property located in the County of Queens and designated as Block: 9938, Lot: 64 and described in the annexed schedule A.